Submitted on record and appellant's brief January 31, reversed and remanded for new trial March 13, 1978

CITY OF GLADSTONE, *Appellant,*

*v.*

HOWARD WILLIAM LEONARD, *Respondent.*

(No. 76-12-264, CA 8983)

575 P2d 1012

John H. Hammond, Jr., and Biggs, Hutchison & Hammond, Oregon City, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Defendant was charged with operating a motor vehicle with an open container of alcoholic liquor, a traffic infraction. Upon conviction in municipal court, he appealed. A trial de novo to the court was had. The circuit court granted his motion for judgment of acquittal on the ground that there was no proof that the content of the open bottle in defendant's car was beer. The City appeals pursuant to ORS 484.405.

The officer testified that upon stopping defendant's car for a traffic violation, he observed an open 11-ounce beer bottle with a Schlitz beer label containing one-and-a-half inches of liquid. The bottle was cool to the touch and the contents looked and smelled like beer. The officer identified it from his experience as beer. He also smelled alcohol on defendant's breath. The officer further testified that the defendant telephoned him the next day to apologize for the incident and admitted that he was guilty of possessing an open beer container in his car.

The court held that laboratory analysis was required as in a marijuana or heroin case. The court further explained that such "short-cut methods" or proof might be acceptable in a municipal court which is not of record, but that it "is demeaning to this [circuit] court to offer that kind of evidence."

■ To the contrary, the ability to identify beer is within common experience. It does not take an expert. We are confident, for example, that the trial judge is able to identify beer from its container, appearance and odor without the assistance of laboratory analysis. It would be not only demeaning, but probably also a source of great surprise to a lay witness to conclude as a matter of law that he is unable to identify beer when he or she sees it and smells it.

■ Here, the officer was a competent witness who testified from his experience. His testimony that the contents of a labelled beer bottle appeared and smelled

[ 171 ]

like beer was sufficient to allow a fact-finder to infer that it was in fact beer. *Cf., State v. Carmody,* 50 Or 1, 91 P 446, 91 P 1081, 12 LRA(ns) 828 (1907). To hold otherwise would be to make a game out of society's efforts to reduce the number of deaths caused by drivers who drink. The tendency of some trial courts to treat such charges lightly or to frustrate legitimate enforcement by imposing fanciful technical impediments to truth seeking is legally indefensible and morally deplorable. A fact question was created and the granting of a judgment of acquittal was error.

Reversed and remanded for new trial.