Argued and submitted July 30, affirmed September 29, 1980

MICHAEL OLDS,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*

(No. 02-80-150, CA 17153)

617 P2d 643

Gary D. Babcock, Public Defender, Salem, argued the cause for petitioner. With him on the brief was Steve Dixon, Certified Law Student, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a prison disciplinary case in which the petitioner was charged with violation of OAR 291-105-015(7)(g), which provides

"except as may be authorized by other rules, no inmate shall possess, manufacturer or use:
"* * * * *
"(g) Intoxicants, * * *"

The Disciplinary Committee found petitioner guilty of the charge. Petitioner received a sanction of 19 days in segregation. On this appeal, petitioner contends that the Disciplinary Committee erred in not conducting the investigation which he requested at his hearing. We disagree and affirm.

Petitioner's claim arises out of the following colloquy at the hearing:

"WILLIAMS: Do you have a statement you wish to make?

"OLDS: The stuff down there? I don't even know what the, what was this (unintelligible), what was this stuff I was suppose to.
"* * * * *.

"OLDS: Is that stuff (unintelligible) * * *

"WILLIAMS: * * * the container contains [sic] the, container contains a liquid substance. Based on my rather extensive experience with pruno in this institution, I can state definitively that the substance before me in this jar is pruno, it is a fermenting substance with strong odor of alcohol and Officer Hart says that he found that in your cell, Mr. Olds. Not only this, but 10 other containers. Do you live in E-383?

"OLDS: Yes.
"* * * * *.

"OLDS: No. What I'm trying to say is, *how can they be sure that that's pruno if it hasn't ever been tested by anybody?*

"WILLIAMS: Mr. Olds, this material does not have to be tested. This is definately [sic] a fermenting substance, you can tell that by visual observation. Secondly, it has a strong odor of alcohol about it, and I will state definitively for the record, in fact I'm

making a finding that this particular substance * * *"
(Emphasis supplied).

■■     Petitioner maintains that it was error for the Disciplinary Committee to refuse to order a further investigation to confirm that the "pruno" which had been seized from his cell was, in fact, alcoholic. Petitioner is wrong. A person of common experience is qualified to identify alcoholic beverages. *City of Gladstone v. Leonard,* 33 Or App 169, 575 P2d 1012 (1978). In this case, the hearings officer was a person of far greater than common knowledge.

Affirmed.