No. 298 April 2, 2025 491

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. A. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

M. A. C.,
*Appellant.*

Curry County Circuit Court
23JU01543; A182322

Jesse C. Margolis, Judge. (Judgment of Jurisdiction)

Cynthia Lynnae Beaman, Judge. (Judgment of Disposition)

Submitted March 10, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Youth appeals his juvenile delinquency adjudications for furnishing alcohol to a minor, ORS 471.410(2) (Count 1), and minor in possession of alcohol, ORS 471.430(1) (Count 2). Youth assigns error to the juvenile court's denial of his motion to dismiss both counts, arguing that the state offered insufficient evidence to prove that the liquid at issue was an "alcoholic liquor" or "alcoholic beverage" as those terms are defined in ORS 471.001(1). We assume without deciding that the issue was preserved and, for the reasons discussed below, we affirm.

In reviewing a challenge to the sufficiency of the evidence in a juvenile delinquency case, our task is to "determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the alleged act beyond a reasonable doubt." *State v. R. W. G.*, 288 Or App 238, 240, 404 P3d 1131 (2017) (internal quotation marks omitted). Youth argues that, because the state did not test the alcohol content of the liquid in the bottle, and because there was no evidence that a person had consumed any of the liquid, the evidence was insufficient to establish that the liquid was an "alcoholic liquor" or "alcoholic beverage," which are terms defined in ORS 471.001(1) to mean "any liquid or solid containing more than one-half by one percent alcohol by volume and capable of being consumed by a human being."

We conclude that a reasonable trier of fact could infer that the bottle contained an alcoholic liquor or beverage. In establishing the presence of alcohol, the state was entitled to rely on "circumstantial evidence and reasonable inferences flowing from that evidence." *State v. F. R.-S.*, 294 Or App 656, 660, 432 P3d 1149 (2018) (citing *State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004)). Here, the evidence included: testimony from youth's peer that she arranged to buy alcohol from youth and subsequently did so; school video surveillance footage showing youth exchanging a plastic bottle filled with clear liquid for money from the peer; and testimony that the next day, school administrators and the police captain seized the bottle, smelled the contents, and concluded that the liquid smelled like vodka or gin. The

liquid was in a Gatorade bottle but clearly not Gatorade. The evidence also included testimony that, when asked to smell the liquid in the bottle at the juvenile delinquency hearing, the vice principal and the police captain did so and testified that it smelled like alcohol; however, both declined to taste it.

Although no one tasted or tested the liquid in the bottle, the testimony of youth's peer that she arranged to buy alcohol from him and subsequently did so, combined with the testimony of the principal, vice principal, and police captain that the liquid in the bottle smelled like liquors widely known to be capable of being consumed by human beings, constitutes sufficient evidence to allow the juvenile court to find the essential elements of the crime beyond a reasonable doubt. *See State v. Hedgpeth*, 365 Or 724, 733, 452 P3d 948 (2019) (on appeal, we do not ask whether the evidence "necessarily" compelled the lower court to conclude that the evidence was sufficient to establish all the elements of the crime, but whether a reasonable factfinder, making reasonable inferences, could so find); *City of Gladstone v. Leonard*, 33 Or App 169, 575 P2d 1012 (1978) (a competent lay witness's testimony that the contents of a labelled beer bottle appeared and smelled like beer was sufficient to allow a factfinder to infer that it was in fact beer). Accordingly, the juvenile court did not err.

Affirmed.